# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Arjon Peirre Booker Minfee,<br><br>Defendant. | No. CR-25-04834-001-TUC-JCH (EJM)<br><br>**ORDER** |

Before the Court is Defendant's Motion to Suppress (Doc. 48) and Magistrate Judge Eric J. Markovich's related Report and Recommendation ("R&R") (Doc. 62). Judge Markovich recommends denying the Motion to Suppress. Doc. 62 at 9. Neither party objects to the R&R. *See generally* Docket.

A district court reviews objected-to portions of an R&R de novo. 28 U.S.C. § 636(b)(1); *see also United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citing Fed. R. Civ. P. 72(b)(3); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept [a magistrate judge's] recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

///

After independent review, the Court is satisfied that Judge Markovich's recommendation is sound. Agent Ramirez provided several distinct factors that contributed to his decision to stop Defendant's vehicle: Defendant was driving near the border on a route known for smuggling, he was behaving nervously and seemed to be hyper-focused on Agent Ramirez's vehicle, and the vehicle had characteristics of vehicles that, in Agent Ramirez's training and experience, are often used for smuggling (e.g., it was an older vehicle with temporary plates and looked to be weighed down). Under the totality of the circumstances, these factors gave rise to reasonable suspicion. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002). It is inconsequential that the factors, when viewed individually, may be innocuous or that Defendant did not engage in any "illegal" behavior to justify an ordinary traffic stop. *See United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007) ("[T]he Court has emphasized that even when factors considered in isolation from each other are susceptible to an innocent explanation, they may collectively amount to a reasonable suspicion."). The Court will adopt the R&R in full.

Accordingly,

**IT IS ORDERED adopting in full** the R&R (Doc. 62).

**IT IS FURTHER ORDERED denying** Defendant's Motion to Suppress (Doc. 48).

Dated this 20th day of April, 2026.

_____
John C. Hinderaker
United States District Judge

- 2 -